IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**BILLY FERGUSON,**

        **Plaintiff,**

v.                                  **Case No. 3:16-cv-00452**

**MEDICAL ADMINISTRATOR,**

        **Defendant.**

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), and Complaint filed pursuant to 42 U.S.C. § 1983, (ECF No. 2). In keeping with 28 U.S.C. § 1915(e)(2), the undersigned has conducted a preliminary review of Plaintiff's complaint to determine if the action is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Although *pro se* complaints, such as the one filed in this case, must be liberally construed to allow the development of potentially meritorious claims, the court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985). At the same time, to achieve justice, the court may allow a *pro se* plaintiff the opportunity to amend his complaint in order to correct deficiencies in the pleading. *Gordon v. Leeke,* 574 F.2d

1147, 1151 (4th Cir. 1978).

Plaintiff's complaint alleges the following:

1. That he had surgery on his hand while incarcerated at the Western Regional Jail. When the cast was removed, the surgeon told Plaintiff to return for follow-up if he did not regain full movement of his hand in two weeks.

2. Plaintiff told the nurses at the Western Regional Jail that he needed to go back to the surgeon. They agreed to make an appointment, but never did so.

3. Plaintiff went to Ohio for a few weeks for a court appearance and upon his return to the Western Regional Jail, he told "her" everything that had transpired regarding his hand. "She" said she would look into the matter, but nothing was done.

4. Plaintiff believes that "now his hand will probably give [him] problems for the rest of [his] life."

(ECF No. 2 at 4). Plaintiff seeks compensatory damages, future medical expenses, and a better trained medical staff at the Western Regional Jail.

In order for the undersigned to complete a preliminary review of the merits of the complaint and rule on the motion to proceed *in forma pauperis*, Plaintiff is **ORDERED** to amend his complaint within **forty-five (45) days** of the date of this Order and cure the various deficiencies in pleading as indicated below:

1. Plaintiff shall fully identify the individuals against whom Plaintiff complains and may not rely upon "medical administrator," "nurses," or "she" to name defendants. If Plaintiff is unaware of the names of the relevant individuals, Plaintiff shall designate in the case caption each individual whose name is unknown as a John Doe or Jane Doe (e.g. Doctor Jane Doe; Nurse John Doe, etc. . .) and shall further identify each individual in the body of the complaint by description, date/time of contact, alleged act, or in some other manner that assists the Court in determining the identity and number of

individual defendants in the action, as well as the specific reason that each individual defendant is included in the complaint. To the extent Plaintiff knows partial names, he shall include those parts (e.g. Nurse Susan LKU-last name unknown; Doctor Jones).

2. Plaintiff shall provide *factual* statements, including dates and events, which set forth how each named defendant allegedly violated Plaintiff's civil or constitutional rights. Plaintiff must bear in mind that in order to state a cause of action for money damages under 42 U.S.C. § 1983, he must show that an individual (the defendant) was acting under color of state law and deprived Plaintiff of a federally protected civil right, privilege, or immunity. *Perrin v. Nicholson*, 2010 U.S. Dist. LEXIS 105121, at *4 (D.S.C. 2010); *American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-52 (1999). For the most part, liability under 42 U.S.C. § 1983 is personal in nature, based upon a defendant's own constitutional violation. *Monell v. Department of Social Services of the City of NY,* 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Therefore, claims asserted against an individual solely because he or she is an employer or supervisor are not cognizable under § 1983. Supervisory officials may be held liable for the constitutional violations of those in their charge only when "supervisory indifference or tacit authorization of subordinates' misconduct [is] a causative factor in the constitutional injuries [the subordinates] inflict on those committed to their care." *Shaw v. Stroud,* 13 F.3d 791, 798 (4th Cir. 1994) (citing *Slakan v. Porter,* 737 F.2d 368, 372-73 (4th Cir. 1984)). To state a claim against an individual under a theory of supervisory liability, Plaintiff must show:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2)

>that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Id.* at 799. Consequently, Plaintiff should not name a supervisor or administrator as a defendant unless he or she has personally violated Plaintiff's rights, or the allegations against him or her meet the three prongs of a supervisory liability claim.

    3.    The Eighth Amendment to the United States Constitution requires the State to provide its prison inmates with basic medical care. *Estelle v. Gamble,* 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). A prison official violates this constitutional guarantee when he responds to a prisoner's serious medical need with deliberate indifference. *Estelle,* 429 U.S. at 104; *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Therefore, to state a cognizable Eighth Amendment claim, an inmate must meet two prongs, one objective and one subjective. First, the inmate must demonstrate the existence of a medical condition or need that is objectively serious. *Estelle,* 429 U.S. at 104. Second, the inmate must show that the official subjectively knew of, but disregarded, "an excessive risk to inmate health or safety." *Farmer v. Brennan,* 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). A prison official is not liable under the Eighth Amendment if a reasonable response is made, "even if the harm ultimately [is] not averted." *Odom v. South Carolina DOC,* 349 F.3d 765, 770 (4th Cir. 2003) (*citing Farmer,* 511 U.S. at 844). Moreover, medical negligence is not the same as a constitutional violation. *Estelle,* 429 U.S. at 106; *Russell v. Sheffer,* 528 F.2d 318, 319 (4th Cir. 1975). To establish that a prison official's actions constitute deliberate indifference to a serious medical need, "the treatment must be so grossly

incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn,* 896 F.2d 848, 851 (4th Cir. 1990). Accordingly, Plaintiff must set forth facts in his complaint that meet the standard of an Eighth Amendment violation. A mere difference of opinion about whether medical care is needed is usually insufficient to maintain a valid cause of action. Moreover, a claim of medical negligence should be asserted in a medical malpractice lawsuit, which generally should be filed in a State court.

    4.    Plaintiff must identify the nature of the injury he claims to have suffered as a result of the constitutional violations. In the complaint, Plaintiff speculates that he *may* have problems with his hand in the future. Speculation and conjecture are insufficient to state an injury.

**Plaintiff is hereby given notice that a failure to amend the complaint as ordered may result in a recommendation that the complaint be dismissed for failure to state a claim cognizable under 42 U.S.C. § 1983 and/or for failure to prosecute under Fed. R. Civ. P. 41 and L. R. Civ. P. 41.1.** Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), shall be held in abeyance pending initial review of Plaintiff's amended complaint or pending other further proceedings in this case.

The Clerk is instructed to provide a copy of this order to Plaintiff.

    **ENTERED:** January 27, 2016

_____
Cheryl A. Eifert
United States Magistrate Judge